## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BARROW INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 04-11301NG |
| KAS TEX, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE DEFENDANT, KAS TEX LLC, TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

### I.

### INTRODUCTION

The complaint of plaintiff Barrow Industries, Inc. ("Barrow") is incurably

defective as a matter of law and should be dismissed.  Barrow filed this complaint against

defendant Kas Tex, LLC ("Kas Tex"), alleging that Kas Tex's fabric design (the "Pratt

Design," see Compl., Exh. "C" and Affidavit of Ryan D. Lapidus, Esquire in Support of

Motion to Dismiss ("Lapidus Affidavit"), Exh. "2") infringes Barrow's copyright in a

tapestry design (the "M 5870 Design", see Compl., Exh. "A", Lapidus Affidavit, Exh.

"1").  Under the well-established law of copyright, however, Barrow's complaint does

not give rise to any actionable claims, and should therefore be dismissed as a matter of

law because these works are clearly not substantially similar in any protectable respect.

An indispensable hallmark of a potential copyright infringement is a "substantial similarity" between the copyrighted work and the allegedly infringing work. This "substantial similarity" characteristic is entirely lacking in the instant case as the Court can readily see in the Complaint Exhibits A and C (Lapidus Affidavit, Exhibits 1 and 2). The Defendant's Pratt Design (Complaint, Exh. C; Lapidus Affidavit, Exh. 2) features a golden color, a soft and velvety texture, and a floral pattern realistically depicting flora including peonies,[1] Japanese anemones, dianthus carnations, and acanthus leaf. Notably, the floral pattern in the Pratt Design repeats with far less frequency than does that of the M 5870 Design (as detailed herein). Barrow's M 5870 Design (Complaint, Exh. A; Lapidus Affidavit, Exh. 1) is starkly different in ways too numerous to list in this introduction but readily apparent from review of the works themselves. Lapidus Affidavit, Exhs. 1 and 2.

The only connection Barrow makes between the two works (obvious differences aside) is concurrent yet distinctly different depictions of selected flora, whose uniform looks are public domain. Contrary to Barrow's claims, a realistic depiction of biological flora is unoriginal and unprotectable public domain, as clearly demonstrated by the case of Concrete Mach. Co. v. Classic Lawn Ornaments, 843 F.2d 600, 605 (1st Cir. 1988), in which the court found a copyright claim to lack merit where the work at issue included a realistic statue of a deer. Just as the Concrete Machinery court found that there is really only one way to realistically depict a deer (as explored in greater detail hereafter), the ways in which one can depict peonies, Japanese anemones, dianthus carnations, and acanthus leaf is equally limited. Thus, even if the Pratt Design appeared similar to the M

---

[1] The peony is considered the "queen" of flowers, and is very commonly referenced in Asian rugs and art.

5870 Design, which it does not, the floral pattern of the M 5870 Design is not entitled to copyright protection.

Because of the obvious and complete lack of a substantial similarity between the two tapestry designs at issue, this case is ripe for dismissal at this stage of the litigation. In essence, Barrow is asking the Court to compare apples and oranges. Regardless of how much litigation the parties pursue, the fundamental fact that there is no substantial similarity between the M 5870 Design and the Pratt Design cannot and will not change – continued litigation will not transform an apple into an orange. The two designs are what they are, and sufficient facts are available for the Court to determine this matter here and now. Now is therefore the time to end this case, before the parties and the Court are subjected to the needless waste of time and other resources that will undoubtedly result from the continued litigation of Barrow's unfounded copyright claim.

No amount of amended pleading can cure the fundamental legal defects that eviscerate Barrow's claim. In the interests of justice and judicial economy, Kas Tex respectfully requests that the Court dismiss with prejudice Barrow's claim in its entirety.

## II.

## FACTUAL BACKGROUND

### A.    The M 5870 Design

The complaint in this action arises out of Kas Tex's alleged infringement of Barrow's copyright in the M5870 Design (Complaint, Exhibit A; Lapidus Affidavit, Exhibit 1). Barrow alleges that one of its employees created the M 5870 design in 2001 (Compl. Par. 6). Barrow further alleges that it first published or marketed fabric incorporating the M 5870 Design on January 1, 2002 (Compl. Par. 8), and obtained a

3

copyright for the design on April 30, 2002 (Compl. Par. 9). Barrow goes on to wrongly allege that Kas Tex copied the M 5870 Design, and proceeded to market it as the Pratt Design (Compl. Par. 10). These allegations regarding copying are not at issue in this instant motion which hinges on a question that can be addressed as a matter of law from the Complaint itself, substantial similarity.

**B.**    **The Pratt Design**

Contrary to Barrow's allegations, Kas Tex's Pratt Design (Complaint, Exh. C; Lapidus Affidavit, Exh. 2) was independently created in late 2001 by an independent mill in China. Kas Tex began marketing it as the Pratt Design in or about 2002. Only upon receiving a cease and desist letter from Barrow's counsel in May of 2004 did Kas Tex become aware of the existence of Barrow's M 5870 Design. Kas Tex is surprised to find itself in this lawsuit given the different fabrics at issue and its heretofore absence from courts of law.

**III.**

## BARROW'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**A.**    **The Standard on a Motion to Dismiss and Rationale for Including all Relevant Materials Incorporated into the Complaint**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal of a complaint for failure to state a claim upon which relief can be granted "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. . . . The factual allegations of the complaint are to be accepted as true, and all reasonable inferences that might be drawn from them are indulged in favor of the

4

pleader." Gorski v. New Hampshire Dep't of Corrections, 290 F.3d 466, 473 (1st Cir. 2002) (internal quotation marks and citations omitted).

In order to provide a complete record regarding Barrow's allegations, it is imperative that this Court has all of the materials referenced or relied upon in the Complaint, even though these materials were not attached to the Complaint in legible form (at least in Defendant's copy). Inclusion of these materials does not make this matter one of summary judgment. Watterson v. Paige, 987 F.2d 1, 3 (1st Cir. 1993) (ordinarily a court may not consider any documents that are outside of the complaint or are not expressly incorporated therein unless a motion is converted into one for summary judgment). Instead, there is a narrow exception that materials relied upon in the complaint "merge" into pleadings so long as their authenticity is not challenged. A court may then consider such documents in evaluating a Rule 12(b)(6) motion to dismiss. Alternative Energy Inc. v. St. Paul Fire and Marine Insurance Co., 267 F.3d 30, 33 (1st Cir. 2001). Inclusion of color representations of the Pratt Design and the M 5870 Design attached to the Lapidus Affidavit will clearly demonstrate that there is no similarity, let alone the substantial similarity required to support a claim for copyright infringement, between the two designs. As such, 8 ½ by 11 inch color photographs of the two designs are annexed to the Lapidus Affidavit submitted herewith.[2]

---

[2] Barrow submitted photographs of the Pratt Design and the M 5870 Design as Exhibits "C" and "A", respectively, to the Complaint. However, these small black and white representations do not assist the Court in evaluating any alleged similarities between the two designs. Indeed, the completely different colors of the two designs and other divergent features cannot even be detected in Barrow's exhibits. To assist the Court further, Kas Tex submits the Affidavit of Ryan Lapidus attaching color reproductions and requests a hearing at which actual fabric samples can be brought to Court.

### B.    <u>Barrow's Copyright Infringement Claim Should be Dismissed</u>

### 1. <u>Copyright Infringement</u>

To establish copyright infringement, a plaintiff must prove (i) ownership of a valid copyright, and (ii) copying of constituent elements of the work that are original. <u>Feist Publications, Inc. v. Rural Tel. Serv. Co.</u>, 499 U.S. 340, 361 (1991); <u>Lotus Dev. Corp. v. Borland Int'l, Inc.</u>, 49 F.3d 807, 813 (1st Cir.1995) (collecting cases), aff'd, --- U.S. ----, 116 S.Ct. 804 (1996); <u>Concrete Mach. Co. v. Classic Lawn Ornaments</u>, 843 F.2d 600, 605 (1st Cir. 1988); 3 Nimmer § 13.01, at 13-5 to 13-6.

Courts in the First Circuit conduct a two-part test to determine if illicit copying has occurred. First, a plaintiff must prove that the defendant copied the plaintiff's copyrighted work, either directly or through indirect evidence. <u>Segrets, Inc. v. Gillman Knitwear Co.</u>, 207 F.3d 56, 60 (1st Cir. 2000). Second, "the plaintiff must prove that the copying of the copyrighted material was so extensive that it rendered the infringing and copyrighted works 'substantially similar.'" Id.; <u>Skinder-Strauss Assocs. v. Mass. Continuing Legal Educ., Inc.</u>, 914 F. Supp. 665, 672 (D. Mass. 1995) ("Even evidence of actual copying may be insufficient, however, if this copying was not substantial.").

In the event that, as in the instant case, the copyright plaintiff cannot plead or prove substantial similarity between copyrightable elements, the plaintiff's copyright infringement claim should be dismissed. See <u>Cory Van Rijn, Inc. v. California Raisin Advisory Bd.</u>, 697 F.Supp. 1136, 1141-1145 (E.D. Cal. 1987) (granting motion to dismiss copyright claim because the works at issue lacked substantial similarity).

It will be shown later in this litigation, should the case be allowed to proceed that far, Kas Tex did not have access to the M 5870 Design prior to its introduction of the

Pratt Design, nor did Kas Tex copy any portion of the M 5870 Design. However, because these are questions of fact that are not appropriately addressed in connection with the instant motion, we shall consider only the second prong: whether any alleged copying was so extensive as to render the M 5870 Design and the Pratt Design "substantially similar." Where a reasonable jury could not find substantial similarity on protectable aspects of a work, as articulated and supported by legal authority herein, there can be no claim for copyright infringement.

## 2. **The Test For Substantial Similarity**

Whether there is substantial similarity between copyrightable expressions is determined by the "ordinary observer" test. <u>Concrete Mach. Co.</u>, 843 F.2d at 607. "The test is whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protected expression by taking material of substance and value." Id. (quoting <u>Educ. Testing Servs. v. Katzman</u>, 793 F.2d 533, 541 (3d Cir. 1986)). The determination of whether an allegedly infringing label is substantially similar to its alleged model or influence is not so simple a task, however, as a strict visual comparison of the two items. Any comparison between the two works must be informed by a key theoretical foundation of copyright law: that "[i]deas cannot be copyrighted," id. at 606 (citing <u>Harper & Row, Pubs., Inc. v. Nation Enters.</u>, 471 U.S. 539, 547 (1985)), and therefore that "[a]n artist 'can claim to own only an original manner of expressing ideas,' not the ideas themselves," id. (quoting <u>Cooling Sys. & Flexibles v. Stuart Radiator</u>, 777 F.2d 485, 491 (9th Cir. 1985)). Because of this dichotomy between "idea" and "expression," only the "protected expression" is relevant to an evaluation of substantial similarity.

Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1214 (11th Cir. 2000). We must first consider, then, to what extent the M 5870 design is protected expression.

In determining what aspects of a work are protected under copyright law, courts in the First Circuit "dissect" the work to remove those aspects not protected by copyright. "By dissecting the accused work and identifying those features which are protected . . . [t]he court can also determine . . . those aspects of the work that . . . should be considered in the . . . comparative analysis under the ordinary observer test." Concrete Mach., 843 F.2d at 609. Courts in the First Circuit then apply the doctrines of merger and scene-a-faire to determine how "substantially similar" the copy must be to infringe. Id. at 609 n.9 ("For example, the court may find that the idea and expression are so inseparable that copying of the work is not prohibited or that only exact reproduction of the work will justify a finding of infringement.").

### a. **Dissection Analysis**

Barrow's complaint contains no details as to what elements of the M 5870 Design are allegedly incorporated into the Pratt Design. Indeed, the only relevant allegation is the unsupported and blatantly false assertion that the two designs are "virtually identical" (Compl. Par. 12). Because of the significant divergence between the designs with respect to the majority of their respective elements, we are left to guess that Barrow refers to certain of the public domain floral depictions contained in the designs. Other features of the M 5870 Design such as its color, size and texture, are arguably protectable, but the corresponding features of the Pratt Design are not even colorably similar rendering these components moot.

8

### b. <u>Merger</u>

In <u>Concrete Machinery</u>, the First Circuit Court of Appeals explained the rationale behind the merger doctrine:

Some ideas admit of only a limited number of expressions. When there is essentially only one way to express an idea, the idea and its expression are inseparable and copyright is no bar to copying that expression. [Even] [w]hen the idea and its expression are not completely inseparable, there may still be only a limited number of ways of expressing the idea. <u>Id</u>. at 606 (internal citations omitted). In such cases, the plaintiff has the heavy burden of showing "near identity" between the works at issue. Id. at 606-07 (citing <u>Sid & Marty Krofft Television v. McDonald's Corp.</u>, 562 F.2d 1157, 1167 (9th Cir. 1977), and <u>Flag Fables Inc. v. Jean Ann's Country Flags & Crafts, Inc.</u>, 730 F. Supp. 1165, 1171 (D. Mass. 1990)). This heightened showing "is necessary because, as idea and expression merge, fewer and fewer aspects of a work embody a unique and creative expression of the idea; a copyright holder must then prove substantial similarity to those few aspects of the work that are expression not required by the idea." <u>Id</u>. at 607 (citing <u>Universal Athletic Sales Co. v. Salkeld</u>, 511 F.2d 904, 908 (3d Cir. 1975)).

In general, the merger doctrine is most applicable where the idea and the expression are of items found in nature, or are found commonly in everyday life. The merger doctrine was invoked in <u>Concrete Machinery</u> where the idea at issue was a "realistic-looking life size deer." <u>Id</u>. at 607. In <u>Concrete Machinery</u>, the plaintiff was a manufacturer and seller of molds to make concrete statues of deer, among other things. The plaintiff brought suit against a manufacturer and seller of concrete statues of deer,

9

among other things. The court found that the merger doctrine applied because in "a detailed replica of a real deer, the deer, in essence, supplied most of the features which any subsequent artist can also take from the real deer." Id. at 607; see also Leigh, 212 F.3d at 1214-15 (photograph of statue in public domain); Herbert Rosenthal Jewelry Corp. v. Kalpakian, 446 F.2d 738 (9th Cir. 1971) (pin of a "jeweled bee").

Similarly, in the case of Yankee Candle Co. v. Bridgewater Candle Co., 259 F.3d 25 (1st Cir., 2001), the items for which copyright protection was sought were depictions of beings existing in nature. Specifically, the plaintiff in Yankee Candle alleged that the defendant had infringed its copyrights on the labels of nine candle fragrances, by including photographs of things commonly associated with the respective fragrances. Six of these labels included photographs of fruits or flowers. The district court found the defendants' labels to be non-infringing as a matter of law, and the Court of Appeals for the First Circuit affirmed, noting that there is "only one way to express the idea of these fruits and flowers: by depicting their likeness." Id. at 35.

Having identified certain floral depictions as the only allegedly infringed and protectable element of the M 5870 Design, we now turn to the M 5870 Design to determine if the Pratt Design is infringing. It is uncontested that both designs depict flora (including, as applicable respectively, peonies, Japanese anemones, dianthus carnations, and acanthus leaf), in the various forms that those flowers plants appear in nature. Just as in the Concrete Machinery and Yankee Candle cases detailed above, both the M 5870 Design and the Pratt Design present realistic depictions of living things which do not lend themselves to alternative representations.

10

In a realistic depiction of these plants, the flowers will have the same number of petals, the blossoms will have the same appearance, and the leaves will be shaped and numbered in the same manner, regardless of how the idea of them is expressed.  Just as the deer in <u>Concrete Machinery</u> "supplied most of the features" used to make a replica of the deer, the peonies, Japanese anemones, dianthus carnations, and acanthus leaf "supplied most of the features" which appear in their realistic depictions in both the M 5870 Design and the Pratt Design, neither depiction of any flora is identical in any event. These features of the peonies, Japanese anemones, dianthus carnations, and acanthus leaf are therefore in the public domain, and copyright protection does not extend to them. Moreover, the M 5870 Design does not contain any aspects of expression not required by the idea of the plants depicted.  As such, the idea of the plants is indistinguishable from (and therefore merged with) their expression, rendering the floral pattern an unprotectable element of the M 5870 Design.

### c.  There Is No Similarity Between Any Protectable Elements of the Two Designs

As discussed above, any similarities that constitute or arise from the unprotectable and unoriginal idea of realistically depicting flowers cannot give rise to a claim of copyright infringement.  Aside from that superficial similarity between the M 5870 Design and the Pratt Design, there is no infringing similarity between the expression of this idea in the two designs.

### (i)  There Is No Similarity In the Color of the Two Patterns

The M 5870 Design features a navy blue background upon which a depiction of flowers is presented (see Compl., Exh. "A", Lapidus Affidavit, Exhibit 1) Indeed, this

color feature is noted on the copyright registration itself (see Compl., Exh. "B"). The Pratt Design features a golden-hued background, which is much lighter and totally distinct from the dark blue M 5870 Design (see Compl., Exh. "C", Lapidus Affidavit, Exh."2").

### (ii) There Is No Similarity In the Texture of the Two Patterns

The M 5870 Design features a fabric composed of 52% cotton and 48% polyester, with a smooth texture (see Compl., Exh. "B"). Conversely, one of the most popular features of the Pratt Design is the "chenille" texture of the fabric, which gives it a soft and velvety feel. This texture feature is entirely different from that of the M 5870 Design.

### (iii) There Is No Similarity In the Size of the Repeats of the Two Designs

One of the most important features of a fabric design is the size of the "repeats", that is, the distance (vertically and horizontally) from a point in the pattern to a corresponding identical point in the repeated pattern. "Repeats" are important elements of description in the textile business. The M 5870 Design, as noted in the copyright registration, features a vertical repeat of 30 and 1/2 inches, and a horizontal repeat of 27 inches (see Compl., Exh. "A"). The Pratt Design features a much smaller pattern, with a vertical repeat of 19 and ½ inches, and a horizontal repeat of 14 and 5/8 inches. This enormous disparity in the size of the repeats of the two designs assures that one could never confuse one for the other. Indeed, it is difficult even to compare the designs side by side, because the repeats are so different.

In short, the two designs are markedly different in all aspects of their expression, with different colors, textures and sizes, among other things. The only arguable similarity – the uncopyrightable idea of a particular type of flower – cannot support a claim for copyright infringement, as a matter of law. Concrete Machinery.

**IV.**

**CONCLUSION**

For all of the foregoing reasons, Defendant Kas Tex, LLC respectfully requests that the Court dismiss with prejudice the complaint of Plaintiff Barrow Industries, Inc., and each cause of action therein.

DATED: August 4, 2004

KAS TEX, LLC
By their attorneys,

Ryan D. Lapidus (Cal. Bar No. 196838)
(pro hac vice application pending)
Daniel C. Lapidus (Cal. Bar No. 227170)
(pro hac vice application pending)
Lapidus & Lapidus
A Professional Law Corporation
211 South Beverly Drive, Suite 205
Beverly Hills, CA 90212
TEL: 310-550-8700
FAX: 310-943-2471

Kevin M. Considine (BBO #542253)
Timothy M. Mitchelson (BBO #630331)
Kevin M. Considine, P.C.
One Boston Place – 28th Floor
Boston, MA 02108
617-723-9900