IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Barrow Industries Inc., <br> Plaintiff <br><br> v. <br><br> Kas Tex, LLC, <br> Defendant | Civil Action No. 04-11301-NG |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant has moved, under Federal Rule 12(b)(6), to dismiss the complaint because it **fails to state a claim upon which relief can be granted.** The thrust of defendant's motion is that defendant's allegedly infringing fabric design is not "substantially similar" to plaintiff's copyrighted fabric design, and therefore does not constitute copyright infringement. The thrust of plaintiff's opposition to this motion is that the determination of whether defendant's fabric design is "substantially similar" to plaintiff's copyrighted fabric design is the primary issue before this Court in making a determination of whether plaintiff's **claim of copyright infringement** will be decided in plaintiff's favor. The issue of whether the Court, after hearing all of the evidence, will rule in favor of plaintiff or defendant is not an issue which is relevant in deciding the present motion to dismiss for failure to state a claim upon which relief can be granted.

## PLAINTIFF'S COMPLAINT

Plaintiff's complaint states that plaintiff complied with all statutory requirements in order to secure a federal copyright for plaintiff's fabric design. In addition, the complaint states that defendant copied plaintiff's copyrighted design and willfully infringed plaintiff's copyright. In addition, the complaint states that defendant's copied fabric design is virtually identical to plaintiff's copyrighted fabric design. Attached to the complaint is a copy of plaintiff's copyrighted fabric; a copy of plaintiff's federal copyright registration; and a copy of defendant's allegedly infringing fabric.

As can be seen from the complaint on file in this case, and from the foregoing, plaintiff has adequately notified defendant that defendant's fabric design constitutes copyright infringement of plaintiff's copyrighted fabric, which is protected by plaintiff's federal copyright registration, and plaintiff has demanded the relief provided by the Copyright Act. Plaintiff's claim has been clearly stated and complies with all statutory requirements for claiming federal copyright infringement.

## DEFENDANT'S MOTION

Defendant's motion to dismiss does **not** argue that plaintiff has failed to state a claim upon which relief can be granted. Instead, defendant disputes the merits of plaintiff's claim, i.e., that plaintiff's claim of copyright infringement is not a winning claim because defendant's fabric design is not "substantially similar" to plaintiff's copyrighted fabric design. In addition, defendant attaches to its motion papers exhibits that defendant's

attorney alleges are copies of the parties' goods, which attachments are not in evidence in this case, and are certainly not part of the complaint that defendant seeks to have dismissed.

In addition, defendant has requested an oral hearing on this motion. Plaintiff submits that an oral hearing is **not** necessary.

LEGAL BASIS WHY DEFENDANT'S
<u>MOTION TO DISMISS SHOULD BE DENIED</u>

**Burden of proof on moving party.** Under Rule 12(b)(6), the party moving for dismissal has the burden of proving that no claim has been stated. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.), *cert. denied*, 501 U.S. 1222 (1991). Plaintiff submits that defendant has failed to meet its burden of proof.

**Beyond-doubt standard.** The moving party must show beyond doubt that the plaintiff can prove no set of facts in support of his claim. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); *accord*, *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984) (citing *Conley* and reversing dismissal for failing to state a claim); *Hughes v. Rowe*, 449 U.S. 5, 10, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980) (complaint should only be dismissed if it appears beyond doubt that plaintiff cannot prove facts). To prevail, the movant must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 52 (1st Cir. 1990) (case may be dismissed for failure to state claim only if plaintiff may not recover under any theory on facts alleged).

**Limited applicability of Rule 12(b)(6) dismissal.** The decision in *Conley v. Gibson* emphasizes the limited applicability of Rule 12(b)(6) as the predicate for a final dismissal of the action.

3

*Barnett v. Bailey*, 956 F.2d 1036, 1043 (11th Cir. 1992) (Fed. R. Civ. P. 12(b)(6) dismissal requires "beyond doubt" standard).

**Dismissals disfavored.** Dismissal is a disposition that courts generally disfavor because it summarily terminates cases on their merits. *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980) (dismissal for failure to state claim, if sustained without leave to plead further, is summary disposition on merits and is disfavored).

**Immaterial whether plaintiff will ultimately prevail.** During this threshold review, "[t]he issue is not whether plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974); *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir. 1996)); accord, *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 997, 152 L. Ed. 2d 1 (2002) ("Rule 8(a) establishes a pleading standard without regard to whether a claim will succeed on the merits").

**Court will accept plaintiff's factual allegations as true.** For Rule 12(b)(6) purposes, the court must accept the plaintiff's factual allegations as true. *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 113 S. Ct. 2891, 2895, 125 L. Ed. 2d 612 (1993) (on motion to dismiss, allegations of complaint taken as true); *Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974) (plaintiff's allegations must be accepted as true); *Conley v. Gibson*, 355 U.S. 41, 4546, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (court must accept plaintiff's factual allegations).

**Inferences in plaintiff's favor.** All reasonable inferences must be drawn in plaintiff's favor. *Arruda v. Sears Roebuck & Co.*, 310 F. 3d 13 (1st Cir. 2002); *Sanner v. Chicago Bd. of Trade*, 62 F. 3d 918, 925 (7th Cir. 1995) (court must draw all reasonable inferences

4

in plaintiff's favor, and "defendant cannot..., attempt to refute the complaint or to present a different set of allegations").

**Rules require only "notice pleading."** The court should construe a plaintiff's allegations liberally, because the rules require only general or "notice" pleading, rather than detailed fact pleading. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 998-999, 152 L. Ed. 2d 1 (2002) (citing *Conley v. Gibson* for proposition that complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests").

**Court will consider only pleadings and matters of judicial notice** In deciding whether to dismiss a complaint, the court may consider only the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters of which the judge may take judicial notice. *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-1018 (5th Cir. 1996) (courts must limit inquiry to facts stated in complaint and documents either attached to or incorporated in complaint; however, courts may also consider matters of which they may take judicial notice).

**Brief opposing motion not a pleading.** The court may not take into account additional facts or exhibits or arguments asserted in a memorandum supporting the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a). *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996); *In re Colonial Ltd. Partnership Litig.*, 854 F. Supp. 64, 79 (D. Conn. 1994) ("Allegations made outside of the complaint are not properly before the court on a motion to dismiss").

CONCLUSION

Plaintiff's complaint sets forth all of the required elements of plaintiff's claim that defendant has committed federal copyright infringement and that plaintiff is entitled to relief. There is absolutely no legal basis for deciding the merits of the copyright infringement claim on defendant's motion to dismiss. Plaintiff is entitled to present its evidence to support its infringement claim, and defendant will have the opportunity to present its evidence to rebut plaintiff's infringement claim, during the trial. For all of the foregoing reasons, plaintiff submits that defendant's motion to dismiss should be denied.

Respectfully submitted,

*/s/ I. Stephen Samuels*

I. Stephen Samuels
B.B.O. No. 440200
Samuels & Hiebert LLC
225 Franklin Street, Suite 3300
Boston, MA  02110
Tel: 617-426-9181 (Ext. 107)
Fax: 617-426-2275
Email: ISS@SamuelsTM.com
Attorney for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the attorney for the other party by first-class mail on *16 August*, 2004.

*/s/ I. Stephen Samuels*

I. Stephen Samuels

1287.04N

6