## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

BARROW INDUSTRIES, INC.,   )
                           )
    Plaintiff,            )
                           )
      v.                )          Civil Action No. 04-11301NG
                           )
KAS TEX, LLC,              )
                           )
    Defendant.            )
_____)

## ANSWER OF DEFENDANT KAS TEX, LLC'S TO COMPLAINT OF PLAINTIFF BARROW INDUSTRIES, INC.

Defendant Kas Tex, LLC ("Defendant") hereby answers the Complaint of plaintiff Barrow Industries, Inc. ("Plaintiff") dated June 14, 2004.

Unless indicated differently, each paragraph below corresponds with the paragraph of the Complaint bearing the same number. To the extent that the unnumbered captions and headings in the Complaint are treated as allegations, these captions and headings are hereby denied.

1.    This paragraph states legal conclusions which require no response. To the extent that the allegations therein are construed as requiring a response, they are denied.

2.    Defendant admits that Kas Tex, LLC is a limited liability company organized and existing under the laws of the State of California and that it has its principal place of business at 5899 Downey Road, Vernon, California, 90058.

3.     Defendant admits that it does business under the names Kaslen Textiles and KasLen Textiles out of the same 5899 Downey Road address in Vernon, California.

4.     This paragraph states purported legal conclusions which require no response. To the extent that the allegations therein are construed as requiring a response, they are denied.

5.     This paragraph states purported legal conclusions which require no response. To the extent that the allegations therein are construed as requiring a response, they are denied.

6.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and on that basis denies such allegations.

7.     Defendant denies the allegations of paragraph 7.

8.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and on that basis denies such allegations.

9.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and on that basis denies such allegations.

10.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and on that basis denies such allegations.

11.     This paragraph states purported legal conclusions which require no response. To the extent tat the allegations therein are construed as requiring a response, they are denied.

12.     The exhibit attached as Exhibit C is illegible and not an accurate example of Defendant's Pratt design. Defendant denies the remaining allegations of paragraph 12.

13.    Defendant admits only that it has been notified by Plaintiff of a purported claim. Defendant denies the remaining allegations of paragraph 13.

14.    This paragraph states purported legal conclusions which require no response. To the extent that the allegations therein are construed as requiring a response, they are denied.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

15.    The Complaint, and the sole cause of action or claim for relief contained therein, fails to state facts sufficient to constitute a cause of action or claim against Defendant.

16.    Plaintiff's Complaint, and the sole cause of action therein, is barred based on the lack of originality of Plaintiff's purported copyrighted work.

17.    Plaintiff's Complaint, and the sole cause of action therein, is barred based on the inability of Plaintiff to copyright its purported work.

18.    Plaintiff's Complaint, and the sole cause of action therein, is barred as the two works at issue (Plaintiff's allegedly original work and Defendant's allegedly infringing work) are not substantially similar to establish liability under the Copyright Act.

19.    Plaintiff's Complaint is barred as Plaintiff lacks standing.

20.    Plaintiff's Complaint, and the sole cause of action therein, is barred as Defendant's alleged conduct constitutes fair use.

21.    Plaintiff consented to and/or authorized all conduct and/or omissions of Defendant alleged in the Complaint.

22.    Plaintiff's Complaint, and the sole cause of action therein, is barred by the applicable statute of limitations.

23.    Plaintiff's Complaint, and the sole cause of action therein, is barred by Defendant's license and/or ownership of its copyright.

24.    Plaintiff's Complaint, and the sole cause of action therein, is barred because Plaintiff is not the author or licensee or original creator of the purported copyrighted work at issue.

25.    Plaintiff's Complaint, and the sole cause of action therein, is barred because Plaintiff is not the real party in interest.

26.    Plaintiff's Complaint, and the sole cause of action therein, is barred because Defendant had no access to Plaintiff's purported work.

27.    Plaintiff's Complaint, and the sole cause of action therein, is barred because Defendant did not copy Plaintiff's purported work.

28.    Plaintiff's Complaint, and the sole cause of action therein, is barred based on the doctrine of merger.

29.    Plaintiff's Complaint, and the sole cause of action therein, is barred based on the doctrine of scenes-a-faire.

30.    Plaintiff's Complaint, and the sole cause of action therein, is barred because Plaintiff's work is not an original work created by Plaintiff.

31.    Plaintiff's Complaint, and the sole cause of action therein, is barred because the purported original work alleged in the Complaint is in the public domain and/or contains elements in the public domain and not protected by state or federal copyright laws.

32.    Plaintiff's prayer for statutory damages is barred based on Defendant's lack of willfulness in any purported infringing acts and/or Plaintiff's lack of compliance with the requirements of the Copyright Act.

33.    Plaintiff's Complaint, and the sole cause of action therein, is barred by the doctrine of unconscionability.

34.    Plaintiff's Complaint, and the sole cause of action therein, is barred in whole or in part by laches.

35.    Plaintiff's Complaint, and the sole cause of action therein, is barred in whole or in part by estoppel.

36.    Plaintiff's Complaint, and the sole cause of action therein, is barred in whole or in part by waiver.

37.    Plaintiff's Complaint, and the sole cause of action therein, is barred in whole or in part by acquiescence.

38.    Plaintiff's injuries, damages, or losses, if any, are the direct, sole and proximate result of persons other than Defendant.

39.    Plaintiff's Complaint, and the sole cause of action therein, is barred in whole or in part by the doctrine of unclean hands.

40.    Plaintiff's Complaint, and the sole purported cause of action therein, is barred because Plaintiff had a duty to exercise reasonable efforts to mitigate its damages, if any, and the loss suffered by it, if any, was the result of its own failure and refusal to do so.

41.    Plaintiff's Complaint, and the sole purported cause of action therein, is barred in whole or in part because Plaintiff would be unjustly enriched if it is permitted to recover on the Complaint.

## **PRAYERS FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff's Complaint be dismissed in its entirety, and that Plaintiff take nothing against Defendant by reason of the Complaint;

2. That Defendant recovers its actual attorneys' fees as permitted by the Copyright Act and related provisions, including but not limited to 17 U.S.C. § 505;

3. That Defendant's costs and expenses of suit herein, including actual attorneys' fees, be recovered; and

4.  That Defendant be awarded such other relief as this Court deems just and

proper.

DATED:  December 17, 2004

KAS TEX, LLC
By their attorneys,

Ryan D. Lapidus (Cal. Bar No. 196838)
(admitted pro hac vice)
Daniel C. Lapidus (Cal. Bar No. 227170)
(admitted pro hac vice)
Lapidus & Lapidus
A Professional Law Corporation
211 South Beverly Drive, Suite 211
Beverly Hills, CA 90212
TEL: 310-550-8700
FAX: 310-943-2471

Kevin M. Considine (BBO #542253)
Timothy M. Mitchelson (BBO #630331)
Local Counsel
Kevin M. Considine, P.C.
One Boston Place – 28th Floor
Boston, MA 02108
617-723-9900

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2004, I served a copy of the foregoing by regular mail upon:

I. Stephen Samuels, Esquire
Samuels, Gauthier & Stevens
225 Franklin Street
Suite 3300
Boston, MA 02110
(Counsel to the Plaintiff)

Timothy M. Mitchelson